Brady, J.
The plaintiff seeks damages against The Community Bank (“the Bank”) for conversion and for violation of G.L.c. 93A. The gist of the amended complaint is that the Bank failed to exercise reasonable care in allowing third-party defendant Harry W. Jahnke, a shareholder and officer of plaintiff, to open a corporate account and disburse money from it without corporate authority. The Bank by its third-party complaint seeks contribution and indemnity from Jahnke.
Jahnke moves for summary judgment on the grounds that a release was executed by the plaintiff discharging him from liability for contribution to the Bank, and that there is no basis for indemnity against plaintiffs claim under Massachusetts law.
The Bank in its opposition memorandum waives its contribution claim.[1] It asserts that it is entitled to indemnity on the basis of Restatement of Restitution, §89 (1937), entitled “Tort Induced by Fraud” which provides:
A person who is induced by the fraud of another to believe that his conduct is lawful and in reliance upon that belief does an act because of which both are liable in tort, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability if, as between the two, his reliance was justifiable.
Neither the Supreme Judicial Court nor the Appeals Court has had occasion to adopt §89 of the Restatement of Restitution. However, in a Federal case closely on point, Judge Wyzanski concluded that a bank’s right to indemnity against a forger, should the bank be held liable to a plaintiff insurance company from whose account the bank paid on the forged endorsement, was “well established.”
Plaintiffs contrary contention comes from its mistaken assumption that defendant and Cushing were joint tortfeasors or were in pari delicto. On the view most favorable to plaintiff, defendant bank was innocent of any deliberate wrongdoing; the bank was a naive accomplice failing to detect the nefarious scheme of a criminal forger, Cushing. Even if we assume that the bank was negligent, as between it and Cushing, the relationship was one not of joint tortfeasors but of indemnitee and indemnitor.
Globe Indemnity Co. v. Woburn National Bank, 133 F.Sup. 833 (D. Mass. 1955).[2]1 am persuaded that §89 provides a sound basis for indemnity in this case.
The record before me does not establish, as a matter of law, that the Bank’s conduct was deliberate or fraudulent. Count 2 of the amended complaint contains allegations of a willful and knowing violation of G.L.c. 93A. If conduct by the Bank violative of 93A is *288 established at trial, perhaps the Bank is not entitled to indemnity on that count. In any event, the 93A count is likely to be tried to the court without juiy. I will leave the issue of the Bank’s right to indemnity, should it be liable on a 93A violation, to the trial judge.
ORDER
For the foregoing reasons, it is ORDERED that Jahnke’s motion for summary judgment is ALLOWED as to the Bank’s claim for contribution (the Bank having waived that claim), and is DENIED as to the Bank’s claim for indemnification.

At oral argument the Bank’s counsel advised that a deposition recently taken, and thus not part of the summary judgment record, casts doubt upon the validity of the alleged release. The release is, however, irrelevant because the Bank does not now contend that the relationship between the Bank and Jahnke is one of joint tortfeasors. See Bank’s Opposition, p. 2, n. 2 and p. 3, n. 3.

Another basis for recovery arises from Restatement (Second) of Torts §886B (1965): “(1) If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability. (2) Instances in which indemnity is granted under this principle include the following: . . . (c) The indemnitee was induced to act by a misrepresentation on the part of the indemnitor, upon which he justifiably relies. ”